U.S. District Court
Southern District of Indiana
Indianapolis Division

Alan Kreilein
  Petitioner

v.                                Cause No. 1:24-cv-185-RLY-CSW

Mark Sevier, Warden
  Respondent

**FILED**
01/26/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## Petition for Writ of Habeas Corpus

Alan Kreilein, pro se, seeks to initiate Federal Habeas Corpus action in his cause, 82D02-0405-FB-416 originating in Vanderburgh County Circuit Court in the State of Indiana as he has exhausted all avenues of State relief and since the Trial Court has refused to file and grant his state petition on the following issues he now brings to this court.

Kreilein asserts that in 2023 he has completed all required steps in order to bring this petition to this federal court. His PCR asking for successive relief has been denied by the Indiana Court of Appeals and the Indiana Supreme Court on the following issue and the Vanderburgh County Court has refused to take any action whatsoever

1

On his State Habeas Corpus he has submitted to that court on the following issue, and asserts that that court has interfered with the process unnecessarily and that this interference is in danger of causing Kreilein forfeiture of his rights of Habeas Corpus in Federal Court.

Kreilein asks that he be allowed to proceed in Federal Court on this following issue in Habeas Corpus proceedings because he has exhausted all state remedies on this issue And has adhered to the 1 year rule:

1) Kreilein's Plea of guilty was not knowingly, intelligently and voluntarily made. In support, Kreilein asserts:

   a) The prosecution (state) knows the conviction is only supported by false evidence. (People v. Pelchat, 62 N.Y. 2d. 97, 108 464 N.E. 2d 447, 453, 476 N.Y.S. 2d 79, 85 (1984))

   b) Judge Knight violated my right to fast and speedy jury trial by unconstitutionally denying and not informing me of my right to appeal sentence of Contempt on 5/24/04.

   c) Ineffective assistance of Counsel in Plea bargain process (Rucker v. Warden, 2023 U.S. Dist. LEXIS 48418)

      i) While it may be precedent that "collateral" consequences a defendant need not be informed of, it must be unconstitutional for the State to lie or mislead a defendant to believe that those "consequences"

2

"may" only happen when it is "virtually certain" they will happen when in the course of a plea colloquy they are discussed and it is proven on the record they were discussed and the defendant was misled, and as such do not mirror that in Virsnieks v. Smith 521 F.3d 707, 721 (7th Cir 2008) or equate this case with that one.

ii) The Indiana Sex Offender Registry is a punitive consequence as ruled in Wallace v. State, 905 N.E. 2d 371 (Ind. 2009)

iii) Because the registry is a punitive consequence and Kreilein was misinformed and misled about these punitive consequences by his attorney and by the state, his plea was not knowing and voluntary. (People v. Nunez, No. 356659 (Mich. App. 2022)

iv) P.L. 11-1994 in effect at the time of Kreilein's sentencing expressly declares INSORA to be "An Act to Amend the Indiana Code concerning criminal law and procedure," and as such shows that the registry in 2004 (and beyond) to be criminal and punitive, not civil.

v) Both P.L. 140-2006 and P.L. 216-2007 are criminal and punitive as expressly stated in purpose and intent by the Indiana Legislature and not informing Kreilein of these punitive consequences makes the guilty plea not knowing or voluntary.

vi) Indiana's registry in 2004 is not the same registry implemented after Kreilein's sentencing and is many times more punitive. (State v. Hinman, 2023 MT. 116 (Mont. 2023) and is in effect Ex Post Facto punishment because of this fact.

3

vii) Based on Arguments in the case Powell v. Keel, 433 S.C. 457(2021) The lifetime registry requirement imposed on Kreilein by P.L. 216-2007 by I.C. 35-38-1-7.5 and the additional requirements of this make Kreilein's plea not knowing and voluntary.

viii) Even if these requirements were deemed solely "civil and regulatory" and not punitive, these requirements have evolved beyond civil and fall within purview of criminal and punishment in effect. (State v. Hinman)

And based on White v. State 497 N.E. 2d 893, 906 (Ind. 1986) and the ruling in Rucker, based on this tactic used by the State, including the fact that Defense Counsel threatened Kreilein that he would not call witnesses if he insisted on going to trial and threatening him with "100 years" deems this ineffective assistance of counsel under the Strickland Standard in Rucker and as such, I ask this court to overturn this conviction and allow Kreilein freedom from illegal incarceration based on these facts and to GRANT Habeus Corpus Relief in line with the relief granted in Rucker.

Sincerely,
A.M.Kreilein

## Verification

I attest that the facts in this case are true and correct to the best of my knowledge under penalty of perjury.

*[signature]*

## Certificate of Service

I swear I placed this in prison officials hands to be mailed by 1st Class mail to this court and to Vanderburgh County Prosecutor Civic Center Complex, 1 N.W. Martin Luther King, Jr Blvd, Ste. 108, Evansville, IN 47708 on 1/23/24

*[signature]*